[Cite as *Munroe Falls v. State Emp. Relations Bd.*, 2012-Ohio-6212.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITY OF MUNROE FALLS | C.A. No.     26330 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE EMPLOYMENT RELATIONS BOARD, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV 2011 07 4061 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2012

BELFANCE, Judge.

{¶1} Appellant City of Munroe Falls ("Munroe Falls") appeals the decision of the Summit County Court of Common Pleas, which affirmed the decision of the State Employment Relations Board ("SERB") and additionally concluded that Chapter 4117 of the Ohio Revised Code is constitutional. For the reasons set forth below, we affirm.

I.

{¶2} The facts of the instant matter are undisputed. The Ohio Patrolmen's Benevolent Association ("the OPBA") is the Board-certified bargaining representative for Munroe Falls' Police Sergeant Bargaining Unit. It was first certified as the exclusive bargaining representative for the bargaining unit consisting of full-time sergeants on August 22, 1991, and was again certified as such on April 29, 2004. In 1991, the bargaining unit contained two members; however, since 2004, it has consisted of only one member, namely Sergeant David Smith. As noted by the Summit County Court of Common Pleas, it is unclear if the unit consisted of only

one member when it was recertified in 2004. A collective bargaining agreement ("CBA") was in effect from April 1, 2007, to March 31, 2010. The OPBA timely notified Munroe Falls that the OPBA intended to negotiate a successor agreement. In April 2010, the OPBA bargained to impasse with Munroe Falls. The OPBA thereafter requested a panel of fact finders from SERB be involved in the process. A fact finder was selected; however, the parties did not proceed to fact finding because Munroe Falls refused to recognize the Police Sergeant's Bargaining Unit as it consisted of only one member. Munroe Falls then passed a resolution determining the pay of police sergeants in contravention of the expired CBA. Subsequently, Munroe Falls refused to consider the merits of grievances filed by Sergeant Smith concerning holiday pay and health insurance premiums.

{¶3} On September 1, 2010, the OPBA filed an unfair labor practice ("ULP") charge against Munroe Falls which asserted that Munroe Falls violated R.C. 4117.11(A)(1), (A)(3), and (A)(5). SERB determined that probable cause existed to believe that Munroe Falls violated R.C. 4117.11(A)(1) and (A)(5), but not (A)(3).

{¶4} SERB filed a complaint and the OPBA filed a motion to intervene, which was granted. The parties submitted joint stipulations of fact and joint exhibits. Ultimately, SERB issued an opinion concluding that Munroe Falls violated R.C. 4117.11(A)(1) and (A)(5) and providing a remedy. Munroe Falls appealed to the Summit County Court of Common Pleas, which affirmed SERB's decision and concluded that Chapter 4117 of the Ohio Revised Code is constitutional. Munroe Falls has appealed from the lower court's decision, raising four assignments of error for our review. Some of the assignments of error will be consolidated to facilitate our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT SERB HAS THE POWER, AUTHORITY, AND JURISDICTION TO REGULATE MUNROE FALLS' EMPLOYMENT RELATIONSHIP WITH SGT. DAVID SMITH.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN UPHOLDING SERB'S DETERMINATION THAT MUNROE FALLS VIOLATED R.C. []4117[.11](A)(5).

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN UPHOLDING SERB'S DETERMINATION THAT MUNROE FALLS VIOLATED R.C. []4117.11(A)(1).

{¶5}　Munroe Falls' first three assignments of error are related, and, thus, will be addressed together.　Essentially, Munroe Falls asserts in its first three assignments of error that the lower court erred in upholding SERB's decision because Sergeant's Smith bargaining unit contained only one member, and, therefore, the unit abated as a matter of law.　Thus, following that logic, Munroe Falls maintains that it could not have violated R.C. 4117.11(A)(1) or (A)(5) by failing to negotiate a CBA with the exclusive representative of a bargaining unit consisting of only one employee.　Munroe Falls does not appear to contest the factual allegations against it, i.e. that it failed to comply with R.C. 4711.11; instead, it asserts essentially that R.C. 4117.11 no longer applied to regulate its interactions with OPBA with respect to the Police Sergeant Bargaining Unit.　Despite the manner in which Munroe Falls couches its argument, the real question before this court is did the lower court abuse its discretion in affirming SERB's decision which concluded that Munroe Falls violated R.C. 4117.11(A)(1) and (A)(5).　*See State Emp. Relations Bd. v. Adena Local School Dist. Bd. of Edn.,* 66 Ohio St.3d 485, 491-492 (1993).

{¶6}　In *Adena,* the Supreme Court stated that:

different standards of review are to be applied by a common pleas court and by a court of appeals when reviewing an order of SERB in a ULP case. When a common pleas court reviews a SERB order, the court must determine whether the order is supported by substantial evidence in the record. This standard of review for a common pleas court is supplied by R.C. 4117.13(D), which provides that [t]he findings of the board [SERB] as to the facts, if supported by substantial evidence, on the record as a whole, are conclusive.

An appellate court, on the other hand, plays a more limited role than a trial court in reviewing the same SERB order. The role of the appellate court is to determine whether the trial court has abused its discretion. The appellate court must affirm the judgment of the trial court if no abuse of discretion occurred.

(Internal quotations and citations omitted.) *Id.* at 491-492. Further, "[c]ourts must afford due deference to the State Employment Relations Board's interpretation of R.C. Chapter 4117." *Lorain City School Dist. Bd. of Ed. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257 (1988), paragraph two of the syllabus. This is so, because "[t]he General Assembly has entrusted SERB with the responsibility of administering the statute, and has bestowed upon it the special function of applying the statute's provisions to the complexities of Ohio's industrial life. In so doing, it has delegated to SERB the authority to make certain policy decisions." *State Emp. Relations Bd. v. Miami Univ.*, 71 Ohio St.3d 351, 353 (1994).

{¶7} Mindful of the standards above, we cannot say that the trial court abused its discretion in upholding SERB's decision concluding that Munroe Falls committed ULPs.

{¶8} SERB determined that Munroe Falls committed ULPs by violating R.C. 4117.11(A)(1) and (A)(5). The relevant statute provides that:

[i]t is an unfair labor practice for a public employer, its agents, or representatives to:

(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances[, or to] * * *

(5) Refuse to bargain collectively with the representative of his employees recognized as the exclusive representative or certified pursuant to Chapter 4117. of the Revised Code[.]

R.C. 4117.11(A)(1), (A)(5).  It has been stipulated that Munroe Falls is a public employer and that OPBA is the Board-certified bargaining representative for Munroe Falls' Police Sergeant Bargaining Unit, of which Sergeant Smith is the sole member.  It likewise appears undisputed that Munroe Falls refused to bargain to ultimate impasse with the OPBA on behalf of the Police Sergeant Bargaining Unit.  Thus, on the face of the matter, it seems the trial court's affirmance of SERB's decision is not arbitrary or unreasonable.

{¶9}   Moreover, we are not persuaded by Munroe Falls' arguments that it could not collectively bargain with OPBA because OPBA only represented a single-member unit and, thus, there was no "collective" with which to bargain.  Under the statute,

> "[t]o bargain collectively" means to perform the mutual obligation of the public employer, by its representatives, and the representatives of its employees to negotiate in good faith at reasonable times and places with respect to wages, hours, terms, and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement, with the intention of reaching an agreement, or to resolve questions arising under the agreement.  "To bargain collectively" includes executing a written contract incorporating the terms of any agreement reached.  The obligation to bargain collectively does not mean that either party is compelled to agree to a proposal nor does it require the making of a concession.

R.C. 4117.01(G).  While it is true that the statute refers to "representatives" and "employees" in the plural, it is a well understood rule of statutory construction that, unless there is "evidence which adequately demonstrates that such a construction is out of context with the remaining language of that statute or its related provisions," then, pursuant to R.C. 1.43(A), "'(t)he singular includes the plural, and the plural includes the singular.'"  (Footnotes omitted.)  *Wingate v. Hordge*, 60 Ohio St.2d 55, 58 (1979).  We see nothing in the statute which would require the

conclusion that "[t]o bargain collectively" requires that the representative represent more than one employee.

**{¶10}** In addition, Munroe Falls has not pointed us to any Ohio law indicating that a single-member unit would abate as a matter of law. SERB has previously concluded that single-member units can be appropriate units. *See In re Wauseon*, Ohio SERB 88-019, 1988 WL 1519982 (Sep. 29, 1988). In *Wauseon,* SERB concluded that:

> [a] bargaining unit comprised at present of just one police sergeant will be approved in light of the facts that (1) RC 4117.06(D)(6) forbids approval of a unit that puts sergeants together with police below that rank, (2) RC 4117.06(D)(6) forbids the inclusion of police in a unit with other police department employees who are not police, (3) no harm to department structure or efficiency has been shown, and (4) disapproval of the sergeant's unit would have the effect of denying him representation; since Ohio's statute is unique among the labor laws of the United States in forbidding sergeants to be in the same unit with lower ranks, the fact that single-employee bargaining units are not permitted by most other states or the national labor relations board is not persuasive.

*Id.* at paragraph two of the syllabus. In light of the entirety of Ohio's statutory scheme we cannot say the above analysis, which was relied upon by the lower court, is unreasonable.

**{¶11}** Notably, not only does the National Labor Relations Act not forbid sergeants from being in the same units as officers of lower rank, *see id.,* the National Labor Relations Act does not define "to bargain collectively" in its definitions section, whereas Chapter 4117 does. *Compare* 29 U.S.C. 152 *with* R.C. 4117.01(G). Thus, SERB's and the lower court's decision not to rely on the National Labor Relations Board's and other states' precedent on the topic is not unreasonable.

**{¶12}** Further, in a different context, the Ohio Supreme Court has noted that:

> [t]he duty to bargain with an exclusive representative continues so long as the representative maintains its exclusive status. Once certified, the representative's exclusive status is maintained until the representative is displaced in accordance with the procedures set forth in R.C. 4117.07. Displacement occurs following a four step process: (1) a decertification or rival union petition is filed; (2) SERB

investigates the petition, and if it finds reasonable cause to believe that a question of representation exists, holds a hearing; (3) if, following the hearing, SERB finds that a question of representation does exist, it must direct an election; and (4) SERB must certify the results of the election.

*Miami Univ.*, 71 Ohio St.3d at 354. It was stipulated that the OPBA is the Board-certified bargaining representative for Munroe Falls' Police Sergeant Bargaining Unit. There appears to be no dispute that Munroe Falls' conduct would constitute ULPs if Munroe Falls was required to bargain to ultimate impasse with the OPBA. Both SERB and the lower court found Munroe Falls' defenses to its failure to do so to be unpersuasive. We cannot say that that conclusion is arbitrary or unreasonable. Accordingly, Munroe Falls' first three assignments of error are overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FAILING TO FIND THAT R.C. CHAPTER 4117 VIOLATES THE OHIO CONSTITUTION.

{¶13} Munroe Falls asserts in its fourth assignment of error that the lower court erred in concluding that R.C. Chapter 4117 does not violate the Ohio Constitution. We do not agree.

{¶14} We note that Munroe Falls does not point to a particular section in R.C. Chapter 4117 that it believes is unconstitutional; instead, it broadly asserts the entire Chapter is unconstitutional. We are mindful that "[s]tatutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision." (Internal quotations and citations omitted.) *Nitchman v. Nationwide Mut. Fire Ins. Co.*, 146 Ohio App.3d 315, 317 (9th Dist.2001).

{¶15} Essentially Munroe Falls asserts that R.C. Chapter 4117 violates Section 3, Article XVIII of the Ohio Constitution and is an improper delegation of legislative authority.

{¶16} In *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1 (1989), the Ohio Supreme Court held that:

> the Ohio Public Employees' Collective Bargaining Act, R.C. Chapter 4117, and specifically R.C. 4117.14(I), are constitutional as they fall within the General Assembly's authority to enact employee welfare legislation pursuant to Section 34, Article II of the Ohio Constitution. Section 3, Article XVIII of the Ohio Constitution, the home-rule provision, may not be interposed to impair, limit or negate the Act.

*Id.* at paragraph two of the syllabus.

{¶17} *Rocky River* has not been overruled, and, thus, this Court is bound to apply the law as set forth by the Supreme Court of Ohio. As the Supreme Court has already determined that Chapter 4117 is constitutional and has not reversed its position on this issue, Munroe Falls' argument concerning Section 3, Article XVIII of the Ohio Constitution is without merit. *See id.*

{¶18} With respect to Munroe Falls' assertion that R.C. Chapter 4117 represents an improper delegation of legislative authority, we are likewise not persuaded. Munroe Falls' argument in the trial court was brief and limited.

{¶19} Also in *Rocky River,* the Supreme Court discussed whether R.C. 4117.14(I) was an improper delegation of legislative authority. *See Rocky River,* 43 Ohio St.3d at 11. In concluding that it was not, the Supreme Court stated, that:

> [a] statute does not unconstitutionally delegate legislative power if it establishes, through legislative policy and such standards as are practical, an intelligible principle to which the administrative officer or body must conform and further establishes a procedure whereby exercise of the discretion can be reviewed effectively.

(Internal quotations and citations omitted.) *Id.* Absent an assertion that a specific provision of R.C. Chapter 4117 represents an unconstitutional delegation of legislative authority and in light of the fact that the Supreme Court has specifically found R.C. 4711.14(I) not to be unconstitutional on those grounds, we cannot say that the entirety of

R.C. Chapter 4117 represents an unconstitutional delegation of legislative authority. *See id.* at 11-12, paragraph one of the syllabus. *See also Cardone v. Cardone,* 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). Accordingly, Munroe Falls' fourth assignment of error is overruled.

## III.

{¶20} In light of the foregoing, we overrule Munroe Falls' assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JACK MORRISON, JR. and THOMAS R. HOULIHAN, Attorneys at Law, for Appellant.

LORI WEISMAN, Attorney at Law, for Appellee.

JOSEPH M. HEGEDUS, Attorney at Law, for Appellee.