FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Plaintiff-appellant, the city of Maple Heights ("City"), brings this appeal challenging the trial court's decree enforcing defendant-appellee, the State Employment Relations Board's ("SERB") order that found that the City committed an unfair labor practice. Specifically, the City argues that the trial court abused its discretion in affirming SERB's prior order that determined that the City committed an unfair labor practice by refusing to collectively bargain with defendant-appellee, Fraternal Order of Police ("FOP"), after a bargaining unit comprised of a single employee was previously certified by SERB. After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 2} The City is a "public employer" pursuant to R.C. 4117.01(B). The FOP is an "employee organization" pursuant to R.C. 4117.12(D) and is the SERB certified bargaining representative of full-time records clerks employed by the City.
{¶ 3} On August 5, 2015, FOP filed a request for recognition with SERB for a collective bargaining unit comprised of " 'all full-time records clerks' employed by the City of Maple Heights." As of the date of the filing request, the number of employees within the proposed bargaining unit was two. The City did not file any objections to the proposed bargaining unit pursuant to R.C. 4117.05(A)(2)(a)(iv).
{¶ 4} Following the request for recognition, the City provided to SERB the name of a single employee within the proposed bargaining unit. Here, the City never raised a formal objection pursuant to R.C. 4117.05(A)(2)(a)(iv) claiming the bargaining unit was not appropriate given the fact that it only consisted of a single employee. As of August 5, 2015, the City employed one person in the position of records clerk. On October 29, 2015, SERB certified the FOP as the exclusive representative of all full-time records clerks within the bargaining unit.
{¶ 5} On April 8, 2016, in Case Number 2016-MED-04-0478, FOP filed a notice to negotiate with SERB for the purpose of negotiating an initial collective bargaining agreement. Within this notice, the approximate *845 number of employees within the bargaining unit was two. The FOP and City engaged in negotiations on August 17, 2016, and September 7, 2016. A third negotiating session was thereafter scheduled for September 19, 2016. Sometime in September 2016, the City hired a new law director, Frank Consolo. The September 19, 2016 negotiation meeting was cancelled. Further negotiation sessions did not occur. Thereafter, in November 2016, Consolo notified SERB via email that the City would no longer engage in negotiations with FOP because the City believed the single-employee bargaining unit was not appropriate pursuant to R.C. Chapter 4117. The City argued that there can be no "collective" bargaining because the unit is only made up of one individual.
{¶ 6} On December 6, 2016, the FOP filed an unfair labor charge with SERB pursuant to R.C. 4117.12(B) and Ohio Administrative Code ("O.A.C.") 4117-7-01, alleging that the City had violated R.C. 4117.11(A)(1) and (A)(5). On January 26, 2017, SERB determined that probable cause existed to believe that the City had committed or was committing an unfair labor practice. A complaint was authorized, and the matter was set for an expedited hearing, Case No. 2016-ULP-12-0279. Thereafter, a hearing was held and SERB found that the City had engaged in an unfair labor practice pursuant to R.C. 4117.11 by refusing to collectively bargain with the FOP.
{¶ 7} The City then filed an appeal of the SERB order to the trial court arguing that it could not have committed an unfair labor practice against FOP because single-employee bargaining units are not permitted under R.C. Chapter 4117 and, thus, the City had no duty to bargain.
{¶ 8} On August 4, 2017, the trial court journalized an order affirming SERB's decision, finding that the SERB order was supported by substantial evidence. Specifically, the trial court found that there existed no legal basis for adopting the City's assertion that a single-employee bargaining unit was not appropriate pursuant to R.C. Chapter 4117. In addition, the trial court noted that the City failed to object to the August 2015 request for recognition of the bargaining unit at issue. As such, the trial court entered a decree enforcing the SERB order finding that the City committed an unfair labor practice by refusing to collectively bargain with the FOP.
{¶ 9} On August 30, 2017, the City filed the instant appeal from the trial court's judgment affirming the SERB order. Here, the City raises the following assignment of error for review:
(1) The trial court abused its discretion in affirming SERB's order and opinion which determined that the City of Maple Heights committed an unfair labor practice in violation of R.C. 4117.11(A)(1) and (A)(5) by refusing to collectively bargain with the FOP over the terms and conditions of employment for a single records clerk in a bargaining unit certified by SERB for more than one records clerk.
II. Law and Analysis
{¶ 10} In its sole assignment of error, the City argues the trial court abused its discretion by affirming the SERB's order and opinion. The City asserts that a single-employee bargaining unit is not permitted and thus the single-employee bargaining unit under R.C. Chapter 4117 was not appropriate.
A. Standard of Review
{¶ 11} In reviewing a SERB order, a trial court must determine whether the order was supported by substantial evidence. This standard of review for the trial court reviewing a SERB order is governed by R.C. 4117.13(D), which states *846 that "[t]he findings of the board as to the facts, if supported by substantial evidence, on the record as a whole, are conclusive." Further, "[c]ourts must afford due deference to the State Employment Relations Board's interpretation of R.C. Chapter 4117." Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd., 40 Ohio St.3d 257, 533 N.E.2d 264 (1988), paragraph two of the syllabus. Indeed,
[t]he General Assembly has entrusted SERB with the responsibility of administering the statute, and has bestowed upon it the special function of applying the statute's provisions to the complexities of Ohio's industrial life. In so doing, it has delegated to SERB the authority to make certain policy decisions.
State Emp. Relations Bd. v. Miami Univ., 71 Ohio St.3d 351, 353, 643 N.E.2d 1113 (1994).
{¶ 12} Regarding appellate review of such matters, appellate courts play an even more limited role than the trial court in reviewing SERB orders. The role of the appellate court is to determine whether the trial court has abused its discretion. The appellate court must affirm the judgment of the trial court if no abuse of discretion occurred. Lorain City School Dist. Bd. of Edn. at 260-261, 533 N.E.2d 264.
B. Single-Employee Bargaining Unit
{¶ 13} In the present matter, the trial court affirmed the SERB decision, finding that the City failed to timely object to the FOP's request for recognition of the bargaining unit at issue. Pursuant to R.C. 4117.05, for the purposes of collective bargaining, an employee organization becomes the exclusive representative of all the public employees in an appropriate unit by filing a request with SERB. SERB shall then certify the employee organization on the 22d day following the filing of the request for recognition, unless by the 21st day following the filing an objection is filed by the employer. More specifically, R.C. 4117.06 requires an employer to supply SERB with "substantial evidence * * * that the proposed unit is not an appropriate unit pursuant to section 4117.06." R.C. 4117.05. O.A.C. 4117-3-03 defines substantial evidence that a unit is not appropriate as "a clear and concise statement of the reason the unit is not appropriate, such statement to be supported by documentation relating to the factors set forth in section 4117.06."
{¶ 14} SERB's order stated that it granted the certification of the FOP's collective bargaining unit because the City failed to object to the appropriateness of the unit within the proscribed time frame (by August 26, 2015). Thus, the City's argument that a single-employee unit is not appropriate is now moot. The City was aware that the records clerks unit consisted of a single employee, yet no objection to the appropriateness of this unit was filed by the City. Undeniably, the City itself filed with SERB an alphabetical list of employees that consisted of the one employee and then more than a year later (after having participated in negotiations with the FOP) notified SERB that it would no longer negotiate with the FOP. Pursuant to R.C. 4117.06, if a certification is not objected to within 21 days, SERB shall certify the unit's request for recognition. Accordingly, we find that the trial court did not abuse its discretion in finding that SERB correctly determined that the City did commit an unfair labor practice by refusing to collectively bargain with the FOP.
{¶ 15} Moreover, as the trial court noted, the City has effectively waived its ability to challenge whether the single-employee records clerks bargaining unit is appropriate because the City failed to object *847 within the 21 days. R.C. 4117.06 provides that SERB has the exclusive jurisdiction to decide the appropriateness of units for collective bargaining. Ohio Assn. of Pub. School Emps. v. Madison Local School Dist. Bd. of Edn. , 190 Ohio App.3d 254, 2010-Ohio-4942, 941 N.E.2d 834 (11th Dist.). Any determinations within SERB's exclusive jurisdiction are final and will not be reviewed by a reviewing court. See R.C. 4117.06. Although the City correctly appealed to the trial court SERB's unfair labor practice determination, the essence of the City's appeal in the trial court, and thus before this court, is the underlying appropriateness of the bargaining unit. Undoubtedly, the appropriateness of the bargaining unit is an issue not appealable to the trial court nor this court because such an issue falls within the exclusive purview of SERB pursuant to R.C. 4117.06. Accordingly, as the trial court was not able to review the appropriateness determination, and as the City failed to object within the 21-day time frame, the trial court did not abuse its discretion in affirming SERB's order.
C. Unfair Labor Practice
{¶ 16} In the present matter, SERB's ultimate issue was whether the City committed an unfair labor practice by failing to collectively bargain with the FOP, in violation of R.C. 4117.11(A)(1) and (A)(5). R.C. 4117.11 provides, in relevant part:
It is an unfair labor practice for a public employer, its agents, or representatives to:
(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117 of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances;
* * *
(5) Refuse to bargain collectively with the representative of his employees recognized as the exclusive representative or certified pursuant to Chapter 4117 of the Revised Code[.]
R.C. 4117.11(A)(1) and (A)(5).
{¶ 17} On appeal, the City argues that it did not commit an unfair labor practice by refusing to collectively bargain with the FOP because the City had no duty to engage in such collective bargaining negotiations. More specifically, the City asserts that because the bargaining unit only contained one single employee, the unit was not appropriate pursuant to R.C. 4117.06 and, as such, the City had no duty to collectively bargaining with such a unit.
{¶ 18} In support of its argument, the City directs our attention to R.C. 4117.04(A), which refers to bargaining units as being composed of "employees." Moreover, R.C. 4117.04(A) includes the phrase "collective bargaining." Thus, the City asserts more than one employee is needed to constitute a unit that undertakes the exercise of collective bargaining. Although this precise issue has not been addressed by this court, the Ninth District previously rejected a similar argument in Munroe Falls v. State Emp. Relations Bd., 9th Dist. Summit No. 26330, 2012-Ohio-6212, 2012 WL 6738272. The Ninth District reasoned that "to collectively bargain" is the exercise of mutual obligations between or amongst the parties that are actually collectively bargaining. The Ninth District stated, " ' "[t]o bargain collectively" means to perform the mutual obligation of the public employer, by its representatives, and the representatives of its employees to negotiate in good faith * * * with the intention of reaching an agreement, or to resolve questions arising under the agreement.' " Id. at ¶ 9, quoting R.C. 4117.01(G).
While it is true that [ R.C. 4117.01(G) ] refers to "representatives" and "employees" in the plural, it is a well understood *848 rule of statutory construction that, unless there is "evidence which adequately demonstrates that such a construction is out of context with the remaining language of that statute or its related provisions," then, pursuant to R.C. 1.43(A), "the singular includes the plural, and the plural includes the singular." (Footnotes omitted.) Wingate v. Hordge , 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979).
Id. The Ninth District went on to conclude that "[w]e see nothing in [ R.C. 4117.01(G) ] which would require the conclusion that 'to bargain collectively' requires that the representative represent more than one employee." Id. at ¶ 9.
{¶ 19} As stated above, this court does not have jurisdiction to review SERB's determination that the single-employee bargaining unit was appropriate. However, in our review of applicable federal case law, without adopting a position, we note that the rationale in Munroe (to bargain collectively does not require more than one employee in the bargaining unit) conflicts with the federal "one-employee unit" rule. The National Labor Relations Board ("the Board") and federal jurisdictions have adopted the "one-employee unit" rule.[1] A common-sense rationale for this rule exists-with one or fewer employees in a unit, no "collective" exists for the employer to bargain with in the first place. Foreign Car Center at 320. The basis for permitting an employer to engage in this conduct was explained by the Board in Foreign Car Center :
The Board has held that it will not certify a one-man unit because the principles of collective bargaining presuppose that there is more than one eligible person who desires to bargain. The Act therefore does not empower the Board to certify a one-man unit. By parity of reasoning, the Act precludes the Board from directing an employer to bargain with respect to such a unit. While we have held that the Act does not preclude bargaining with a union on behalf of a single employee, if an employer is willing, we have never held that an employer's refusal to bargain with a representative on behalf of a one-man unit is a refusal to bargain within the meaning of Section 8(a)(5).
Id. Further, the one-employee unit rule affords employers expansive rights. "Employers that do not employ anyone in a bargaining unit may lawfully 'withdraw recognition from a union; repudiate their contract with the union, or unilaterally change employees' terms and conditions of employment without affording the union an opportunity to bargain." Baker Concrete Constr. v. Reinforced Concrete Iron Workers Local Union 372 of the Internatl.Assn. of Bridge Structural, Ornamental & Reinforcing Iron Workers , S.D.Ohio No. 1:13-CV-225, 2014 WL 4961488, 4 (Oct. 2, 2014), quoting Stack Electric , 290 N.L.R.B. 575, 577 (1988). "[The Board] consistently holds that, as a matter of law, employers with one or fewer employees in a bargaining unit have no contractual obligations despite the existence of a collective bargaining agreement." Baker Concrete Constr. at 4 ; Haas Garage Door Co. , 308 N.L.R.B. 1186 (1992) ; Searls Refrig. Co. , 297 N.L.R.B. 133 (1989 ); Bd. of Trustees of the Plumbers, Pipefitters & Mechanical Equip. Serv. v. R. & T. Schneider Plumbing Co. , S.D.Ohio No. 1:13-CV-858, 2015 WL 4191297 (July 10, 2015).
III. Conclusion
{¶ 20} The City failed to raise a timely objection as to the appropriateness of the *849 bargaining unit. As such, this court cannot review whether such a determination was proper because SERB, pursuant to R.C. Chapter 4117, has exclusive jurisdiction on such matters. Because we must adopt SERB's determination that the unit was appropriate, the sole issue is whether the City committed an unfair labor practice in violation of R.C. 4117.11(A). Nothing within the record establishes that the trial court abused its discretion in concluding that the City committed an unfair labor practice by refusing to collectively bargain with the FOP. Undeniably, as admitted through joint stipulations submitted within the proceedings before SERB, the City admitted to committing this unfair labor practice. Accordingly, the trial court did not abuse its discretion. We overrule the City's sole assignment of error and affirm the trial court's judgment.
{¶ 21} Judgment affirmed.
MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

The "one-employee unit" rule states that an employer who refuses to bargain with a representative on behalf of a one-employee unit would not constitute an unfair labor practice. See Kirkpatrick Electric Co., Inc. 314 N.L.R.B. 1047 (1994). See also Foreign Car Center, Inc. , 129 N.L.R.B. 319, 320 (1960).